

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

## NO. WR-63,905-13

### EX PARTE JEROME DUPREE DURHAM, Applicant

### ON APPLICATION FOR A WRIT OF HABEAS CORPUS
### CAUSE NO. 29487 IN THE 13TH DISTRICT COURT
### FROM NAVARRO COUNTY

*Per curiam*. WOMACK, J., filed a concurring statement in which JOHNSON and ALCALA, JJ., joined.

### O R D E R

Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the clerk of the trial court transmitted to this Court this application for a writ of habeas corpus. *Ex parte Young*, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of possession of a controlled substance with intent to deliver in a drug free zone and sentenced to ten years' imprisonment.

Applicant alleges that the cumulation order in this case, causing his sentence to begin after completion of another sentence, was entered in error. The trial court recommends that relief be granted and the cumulation order be deleted.

Applicant first challenged this conviction in 2005, alleging an involuntary plea agreement, ineffective assistance of counsel, and the trial court's failure to admonish him. The writ application was denied in June 2006 without written order on the trial court's findings without a hearing.[1] Applicant has since filed four writ applications relating to this conviction, all of which have been dismissed as subsequent applications. The trial court's findings do not address the statutory bar on consideration of subsequent applications. Nonetheless, this Court has undertaken an independent review of the habeas record. Based on this Court's independent review of the entire record, we conclude that Applicant has not met his burden under Section 4 and dismiss the application as subsequent. TEX. CODE CRIM. PROC. Art. 11.07 § 4.

Filed: May 21, 2014
Do not publish

---

[1] *Ex parte Durham*, No. WR-63,905-02 (Tex. Crim. App. Jun. 21, 2006) (unpublished).